JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**19   725**

## I. (a) PLAINTIFFS
Richard Dutton

**DEFENDANTS**
Remed Recovery Care Centers, LLC d/b/a Remed; Remed Realty Holdings, LLC d/b/a Remed; and Remed Realty LP General Partner, LLC, general partner of Remed Realty, LP

(b) County of Residence of First Listed Plaintiff: **Granville**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: **Chester**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Edward S. Shensky, Esq., Stark & Stark, P.C.
777 Township Line Road, Ste. 120, Yardley PA 19067
267-907-9600

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Sec. 1332
Brief description of cause:
MVA claim, parties are from different states

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE
DOCKET NUMBER

**FEB 19 2019**

DATE: 02/15/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | |
|---|---|
| Richard Dutton : | CIVIL ACTION |
| Learning Services Neurobehavioral Institute : | |
| v. : | 19   725 |
| Remed Recovery Care Centers, LLC d/b/a : | |
| Remed, (see attached Caption) : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
   and Human Services denying plaintiff Social Security Benefits.                ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
   exposure to asbestos.                                                        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
   commonly referred to as complex and that need special or intense management by
   the court. (See reverse side of this form for a detailed explanation of special
   management cases.)

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| 2/15/19 | Edward S. Shensky | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-907-9600 | 267-907-9659 | eshensky@stark-stark.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

FEB 19 2019

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

19  725

Address of Plaintiff: __796 Recovery Road, Creedmoor, North Carolina, 27522__

Address of Defendant: __16 Industrial Boulevard, Suite 203, Paoli, Pennsylvania 19301__

Place of Accident, Incident or Transaction: __Paoli, Pennsylvania__

---

*RELATED CASE, IF ANY:*

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __02/15/2019__  _/s/ Edward Shensky_  __27891__
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

---

CIVIL: (Place a √ in one category only)

A.  *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

B.  *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☑ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

ARBITRATION CERTIFICATION
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Edward S. Shensky__, counsel of record or pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

FEB 19 2019

DATE: __02/15/2019__  _/s/ Edward Shensky_  __27891__
Attorney-at-Law / Pro Se Plaintiff    Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

 

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD DUTTON<br>Learning Services Neurobehavioral Institute<br>796 Recovery Road<br>Creedmoor, North Carolina 27522 | CIVIL ACTION<br><br>19     725 |
| vs. | |
| REMED RECOVERY CARE CENTERS,<br>LLC d/b/a REMED<br>16 Industrial Boulevard, Suite 203<br>Paoli, Pennsylvania 19301 | |
| and | |
| REMED REALTY HOLDINGS, LLC,<br>d/b/a REMED<br>16 Industrial Boulevard, Suite 203<br>Paoli, Pennsylvania 19301 | FILED<br>FEB 19 2019 |
| and | |
| REMED REALTY LP GENERAL<br>PARTNER, LLC, general partner of<br>REMED REALTY, LP<br>c/o National Registered Agents, Inc.<br>600 N. 2nd Street – Suite 401<br>Harrisburg, Pennsylvania 17101 | |

## COMPLAINT AND JURY DEMAND

**NOW COMES** Plaintiff, Richard Dutton, by and through his attorney, Stark & Stark, and in his complaint against defendants, states as follows:

### Parties

1. Plaintiff Richard Dutton is an adult individual and resident of the State of North Carolina who resides at Learning Services Neurobehavioral Institute, 796 Recovery Road, Creedmoor, North Carolina.

2.     On July 27, 2018, plaintiff designated Gary Lee as his agent and power of attorney in accordance with the Uniform Power of Attorney Act, Ch. 32C of the General Statutes of North Carolina.

3.     Gary Lee is an adult individual, the nephew of the plaintiff, and resides at 206 W. Dogwood Drive, Creedmoor, North Carolina 27522.

4.     Defendant ReMed Recovery Centers, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania doing business as ReMed with a place of business at 16 Industrial Boulevard, Suite 203, Paoli, Pennsylvania 19301.

5.     Defendant ReMed Realty Holdings, LLC is a limited liability company organized and existing under the laws of the Commonwealth of Pennsylvania doing business as ReMed with a place of business at 16 Industrial Boulevard, Suite 203, Paoli, Pennsylvania 19301.

6.     ReMed Realty, LP, is a business entity qualified to do business in the Commonwealth of Pennsylvania, whose general partner, ReMed Realty LP General Partner, LLC, is a Delaware limited liability company with a Pennsylvania registered office in care of National Registered Agents, Inc., 600 N 2nd Street, Suite 401, Harrisburg, Dauphin County, Harrisburg, Pennsylvania 17101-1071 doing business as ReMed.

**Jurisdiction and Venue**

7.     Jurisdiction is invoked pursuant to 29 U.S.C. sec 1332, based upon diversity of citizenship, and the matter in controversy exceeds, exclusive of interest and costs the sum of $150,000.00 (one hundred fifty thousand dollars).

8.     Venue is proper within the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. sec 1391, since the site of the underlying negligence occurred in Chester County, Pennsylvania, which is located in the Eastern District.

## Facts

9. At all times material to plaintiff's cause of action, ReMed defendants operated a business providing rehabilitation and supported living services to adult persons with disabilities.

10. At all times material to plaintiff's cause of action, plaintiff was living in a community residence apartment on defendants' ReMed campus, located in Paoli, Pennsylvania, and was receiving services, including transportation from ReMed.

11. At all times material to plaintiff's cause of action, plaintiff had the following diagnoses and conditions: traumatic brain injury; post-seizure disorder; left leg below-the-knee amputation; mood instability; poor hearing left ear; Type II Diabetes; hypertension; hyperlipidemia; and chronic renal disease.

12. All of the acts alleged to have been done or not to have been done by the defendant were done or not done by the defendants, its agents, servants, workmen and/or employees acting within the course and scope of their employment and authority for and on behalf of said defendant.

13. Upon information and belief on March 5, 2017, plaintiff was being transported by defendant's employees in a vehicle owned and maintained by defendant, and operated by an employee of defendant.

14. Upon information and belief plaintiff was left alone in a stopped vehicle and he fell out of an open door of the vehicle.

15. Upon information and belief defendants' employee or employees were loading plaintiff's wheel chair at the time of the fall into the back of the vehicle, and had left plaintiff unsupervised and unrestrained.

16. As a result of the aforesaid, plaintiff sustained serious, painful and permanent personal injuries as more particularly set forth herein.

17. As a result of the incident aforesaid, plaintiff's injuries included: fractures of the right distal tibia and fibula requiring an open reduction and internal fixation; right calcaneocuboid and subtalar diastases; surgery for removal of hardware right leg, with washout and excision of wound; chronic osteomyelitis; infection; non-union of fractures; non-healing wound; right below the knee amputation and cellulitis of his right leg stump.

## Count I

### Plaintiff v. Defendants

### Negligence

18. Plaintiff incorporates the above paragraphs fully as though the same were set forth here at length:

19. The subject incident was caused solely by the negligence and careless conduct of the defendants, their agents, servants, workmen, contractors, sub-contractors and/or employees in:

    a. failing to use ordinary care and diligence with regard to plaintiff;

    b. failing to exercise reasonable care to protect plaintiff;

    c. failing to properly supervise plaintiff;

    d. failing to have available sufficient personnel and equipment to properly and safely transport plaintiff;

    e. failing to properly train personnel to secure and safely transport plaintiff in a vehicle;

    f. failing to insure that plaintiff was properly seated in the vehicle and seat belt restrained before leaving the plaintiff alone in the vehicle;

    g. failing to monitor plaintiff in the vehicle;

    h. failing to shut the open door of the vehicle once plaintiff was in the vehicle;

    i.  failing to have other personnel on hand to supervise and assist plaintiff in the vehicle;

    j.  failing to have sufficient personnel on hand to load plaintiff's wheelchair in the vehicle.

    k.  failing to warn plaintiff of the open vehicle door, and:

    l.  failing to instruct plaintiff to remain seated while his wheelchair was secured;

    m.  failing to follow proper policies and procedures regarding the safe transport of residents, including plaintiff, under the care and control of defendants;

    n.  violating the rights of plaintiff's decedent as enunciated in 55 Pa. Code, sec 6400.33, Rights of Individual, pertaining to Community Homes for Individuals with an Intellectual Disability;

    o.  violating the standards of the Commission of Accreditation of Rehabilitation Facilities.

  20.  As a result of the incident aforesaid, plaintiff's injuries included: fractures of the right distal tibia and fibula requiring an open reduction and internal fixation; right calcaneocuboid and subtalar diastases; surgery for removal of hardware right leg, with washout and excision of wound; chronic osteomyelitis; infection; non-union of fractures; non-healing wound; right below the knee amputation; cellulitis right leg stump; some or all of which plaintiff has been advised are or may be permanent in nature.

  21.  As a result of the aforesaid, plaintiff sustained the injuries as described above, together with a severe shock to his nerves and nervous system, some or all of which plaintiff has been advised are or may be permanent in nature.

22. Plaintiff is now more limited with regard to his normal activities of daily living and is less mobile than he was prior to the subject incident.

23. As a result of the accident aforesaid, the plaintiff has undergone great physical pain and mental anguish and he will continue to endure the same for an indefinite time in the future to his great detriment and loss.

24. As a further result of this accident, the plaintiff has been compelled to expend money for medicine and medical care and attention in and about an effort to effect a cure of his injuries, and will be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to his great detriment and loss.

25. As a further result of this accident, plaintiff suffered an injury which may be in full or part a cosmetic disfigurement which is permanent, irreparable and severe.

WHEREFORE, plaintiff demands judgement against the defendants for damages in excess of $150,000.00, costs of prosecution, and other such relief as this Court deems just and proper.

### Count II

### Plaintiff v. Defendants

### Corporate Liability

26. Plaintiff incorporates by reference the foregoing paragraphs, inclusive, as though the same were set forth fully and at length herein.

27. Defendants were negligent and careless in connection with the care and treatment of plaintiff as follows:

    a. failing to adequately supervise, oversee, coordinate and manage plaintiff's care, treatment and safety while at their facility and in their vehicles;

  b. failing to coordinate with its own agents, servants, workers, and/or employees to ensure that plaintiff's care, treatment and safety was properly and adequately supervised, overseen, coordinated and managed to avoid the type of fall that was incurred while he was a resident under defendant's care and control;

  c. failing to select, retain, and employ competent staff so as to ensure the proper care, treatment and safety of individuals having medical problems and intellectual disabilities such as those presented by plaintiff;

  d. failing to properly train and supervise its agents, servants, employees and workmen regarding the supervision coordination and management of a resident at its facility that it knew or should have known was at increased risk for falling;

  e. failing to provide sufficient staff to meet the needs of the residents, including plaintiff, and failing to maintain facilities and vehicles used to transport residents with adequate staff and sufficient resources to prevent the fall as incurred by plaintiff, and;

  f. failure to formulate, adopt and enforce adequate rules, procedures and policies to ensure safe transport of residents, including plaintiff, under the care and control of defendant;

  g. violating the rights of plaintiff's decedent as enunciated in 55 Pa. Code, sec 6400.33, Rights of Individual, pertaining to Community Homes for Individuals with an Intellectual Disability;

  h. violating the standards of the Commission of Accreditation of Rehabilitation Facilities.

  28. ReMed defendants had actual and/or constructive notice of the aforesaid failures.

29.     Plaintiff's fall and resultant injuries and damages as described and enumerated above, were proximately caused by the aforesaid acts and/or failures to act on the part of defendants.

WHEREFORE, plaintiff demands judgement against the defendants for damages in excess of $150,000.00, costs of prosecution, and other such relief as this Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

**STARK & STARK**
A Professional Corporation

By: _____
EDWARD SHENSKY
Attorney for Plaintiff
I.D. No. 27891
777 Township Line Road
Suite 120
Yardley, PA   19067
267-907-9600
email:  eshensky@stark-stark.com